UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-CIV-06072-GRAHAM/O'SULLIVAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

SLIMAMERICA, FRANK J. SARCONE, *et al.*

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Receiver's First Application for the Payment of Reasonable Compensation of Attorney's Fees and Costs (DE# 324, 9/16/08). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Donald Graham, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). (DE# 325, 9/19/08) Having reviewed the applicable filings and law, the undersigned respectfully **RECOMMENDS** that the Receiver's First Application for the Payment of Reasonable Compensation of Attorney's Fees and Costs (DE# 324, 9/16/08) be GRANTED in part and DENIED in part in accordance with the following Report and Recommendation.

## PROCEDURAL BACKGROUND

    1.    On June 30, 1999, this Court entered a Final Judgment for Permanent Injunction in this matter. (DE# 173) The final judgment made permanent a July 2, 1997, preliminary injunction order. (DE# 89)

    2.    In August, 2007, pursuant to the final judgment and the preliminary

injunction order, the Federal Trade Commission ("FTC") moved *ex parte* for a Temporary Restraining Order, Preliminary Injunction, and other equitable relief, pending a decision on the FTC's Motion for a Civil Contempt Order, concerning Frank Sarcone and three other corporate entities that were in active concert or participation with Mr. Sarcone.  (DE# 264, 8/21/08)  The three entities are LipoBan Clinic, Inc., Nature's Pharmacy, Inc., and National Marketing Date, Inc. (collectively referred to as "Sarcone Entities").

3. On August 22, 2007, the undersigned entered a Temporary Restraining Order ("TRO").  (DE# 275)  Among other things, the TRO provided that there existed good cause to believe that Mr. Sarcone and the Sarcone Entities listed violated the core provisions of the conduct prohibited by the July 22, 1999 Final Judgment.  In Section VII of the TRO, the undersigned appointed Mark F. Raymond, Esq. as Receiver for the Receivership Defendants (i.e. the Sarcone Entities).

4. The TRO granted the Receiver expansive duties and authority including to "take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of the Receivership Defendants, wherever situated ... the Receiver shall have full power to divert mail and to sue for, collect, receive, take possession, hold, and manage all assets."

5. On September 7, 2007, the undersigned entered an order extending the prior TRO until further order of the Court.  Additionally, the Order extended the scope of the TRO to apply to Nature's Pharmaceuticals International, LLC, another entity controlled by Mr. Sarcone that was discovered after the initial TRO was entered. (DE# 278)

6. On September 16, 2008, the Receiver's First Application for Payment of Reasonable Compensation of Attorney's Fees and Costs (DE# 324) was filed.

7. On October 8, 2008, the undersigned re-set the deadline for Mr. Sarcone to file a response to the Fee Application. (DE# 327)

8. To date, neither Mr. Sarcone nor any other party has filed a response to the Fee Application.

## ANALYSIS

### I. The Receiver Is Entitled to an Award of Reasonable Fees and Costs.

The Receiver is requesting payment of sixty-five percent (65%) of the total dollar amount of legal services rendered in the amount of $39,791.05. The total amount of fees incurred for 245.2 hours is $61,217.00. Additionally, the Receiver is requesting full payment for the costs and expenses incurred in the amount of $3,247.24. The total amount sought for fees and costs is $43,038.29.

In Section XIII of the TRO (Compensation of Receiver), the undersigned ordered that "the Receiver, and all persons or entities retained or hired by the Receiver as authorized under this Order, shall be entitled to reasonable compensation for the performance of duties undertaken pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants." (DE# 275, 9/5/07)

### II. The Amount of Fees Sought by the Receiver Is Reasonable.

Having determined that the Receiver is entitled to an award of attorneys' fees incurred in connection with the receivership work, the undersigned next addresses the

appropriate amount of that fee award.  In calculating a reasonable attorneys' fee award, the Court must consider the number of hours reasonably expended, together with the customary fee charged in this community for similar legal services.  See Hensley v. Eckerhart, 461 U.S. 424 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorneys' fee.  See Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544 (1984).

### A.     Reasonable Hourly Rate

The Court must first evaluate respondents' requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886 (1984).  In determining the prevailing market rates the Court should consider several factors including "the attorneys' customary fee, the skill required to perform the legal services, the attorneys' experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorneys' relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996)(citing, Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

The hourly rates of the attorneys that worked on behalf of the Receiver range between $155 to $475 as reflected in the chart below.

| Timekeeper | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Mark F. Raymond | 1.0 | $475 | $475.00 |
| Mark F. Raymond | 38.8 | $450 | $17,460.00 |
| Juancarlos Sanchez | 8.0 | $225 | $1,800.00 |
| Juan C. Sanchez | 194.8 | $210 | $40,908.00 |
| Heather Siegel | 1.8 | $250 | $450.00 |
| Patricia Anzalone | .8 | $155 | $124.00 |
| | 245.2 | | $61,217.00 |

The Fee Application seeks 65% of the total $61,217.00 in fees incurred.  The Receiver asserts that he is essentially seeking fees for the services of one attorney.  The Fee Application is silent as to who the attorney is.  Based on the amount sought and having reviewed the itemized bills, the undersigned believes that the amount sought by the Receiver is for the hours and fees incurred by Juancarlos Sanchez, Esq., who incurred the majority of the total fees. The total amounts of hours and fees incurred by Mr. Sanchez are 202.8 hours and $42,708.00 in fees.

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for

such work.  Norman, 836 F.2d at 1299. Furthermore, the Court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded.  Norman, 836 F.2d at 1303 (citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868).  Having considered the itemized bills, counsels' experience in the areas of the applicable law and the Court's familiarity with attorneys' fees in general, the undersigned finds that the hourly rates of $210 and $225 for Mr. Sanchez is reasonable and appropriate for a mid-level associate in the Miami market.[1]

### B.  Hours Reasonably Expended

The Court must next evaluate the respondents' requested fee for reasonableness in terms of the total hours expended by respondents' counsel.  The Receiver's Fee Application requests payment for one attorney's hours.  The undersigned has determined that Mr. Sanchez' hours are the only hours sought.  Mr. Sanchez incurred a total of 202.8 hours of the 245.2 total hours. The Receiver supports his Fee Application by submitting itemized bills.  No other party has responded to the Fee Application despite a Court order to do so.

Upon independent review of the Receiver's billing records submitted to this Court, the undersigned finds that Receiver's time entries for Juancarlos Sanchez's legal work are reasonable and do not warrant a further reduction from the amount sought (i.e. 65% of the total fees incurred).  Mr. Sanchez incurred a total of 202.8 hours at an hourly rate of $210, except 8 hours at a rate of $225.  Mr. Sanchez incurred fees in the

---

[1] The Florida Bar website indicates that Mr. Sanchez was admitted to the Florida Bar in October, 2004, and is in good standing.

amount of $42,908.00.  The balance of the fees were incurred by the Receiver (48.8 hours; $17,935), except 2.6 hours that totaled fees in the amount of $574.00.

The undersigned finds that the requested fees in the discounted amount of $39,791.05 are more than reasonable for approximately 202.8 hours of legal work conducted by the Receiver's firm.

### III.     Costs.

The Receiver requests payment of costs in the total amount of $3,247.24.  In support of his costs, the Receiver submits the Itemized Expenses incurred.  (DE# 324, Ex. 2, 9/16/08) The Receiver is entitled to reasonable out-of-pocket expenses for the performance of his duties under the order of appointment.  See, S.E.C. v. Elliott, 953 F.2d 1560, 1576-77 (11th Cir. 1992).  The undersigned finds that the costs and expenses incurred by the Receiver are reasonable except for those incurred for meals. A reduction in the amount of $296.91 for the following meals is warranted: $15.51 incurred on 8/23/2007; $39.69 incurred on 9/4/2007; and $241.71 incurred on 9/5/2007. The Receiver is entitled to an award of costs in the reasonable amount of $2,950.33.

In summary, the undersigned recommends that the total award of attorneys fees be $39,791.05 for a total of 202.8 hours.  Accordingly, the respondents should be awarded attorneys' fees in the amount of $39,791.05 and awarded $2,950.33 for costs.

### RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that the Receiver's First Application for the Payment of Reasonable Compensation of Attorney's Fees and Costs (DE# 324, 9/16/08) be GRANTED in part in the total amount of

$42,741.38, which includes $39,791.05 in fees and $2,950.33 in costs.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Donald Graham, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988); See also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in Chambers, at the United States Courthouse, Miami, Florida this   3rd   day of December, 2008.

```
_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE
```

Copies furnished to:
United States District Judge Graham
All counsel of record

Mailed from Chambers to:

Frank J. Sarcone
72871-004
FDC MIAMI
FEDERAL DETENTION CENTER
PO BOX 019120
MIAMI, FL 33101