UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-CIV-06072-GRAHAM/O'SULLIVAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

SLIMAMERICA, FRANK J. SARCONE, *et al.*

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Plaintiff's Motion to Modify the Final Judgment for Permanent Injunction and Damages against Frank Sarcone (DE# 337). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Donald Graham, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). (DE# 342, 10/14/10) Having reviewed the applicable filings and law, the undersigned respectfully **RECOMMENDS** that the Plaintiff's Motion to Modify the Final Judgment for Permanent Injunction and Damages against Frank Sarcone (DE# 337) be DENIED in accordance with the following Report and Recommendation.

## PROCEDURAL BACKGROUND

    1.    On June 30, 1999, this Court entered a Final Judgment for Permanent Injunction in this matter. (DE# 173) The final judgment made permanent a July 2, 1997 preliminary injunction order. (DE# 89)

    2.    In August, 2007, pursuant to the final judgment and the preliminary

injunction order, the Federal Trade Commission ("FTC") moved *ex parte* for a Temporary Restraining Order, Preliminary Injunction, and other equitable relief, pending a decision on the FTC's Motion for a Civil Contempt Order, concerning Frank Sarcone and three other corporate entities that were in active concert or participation with Mr. Sarcone. (DE# 264, 8/21/08)  The three entities are LipoBan Clinic, Inc., Nature's Pharmacy, Inc., and National Marketing Data, Inc. (collectively referred to as "Sarcone Entities").

     3.     On August 22, 2007, the undersigned entered a Temporary Restraining Order ("TRO"). (DE# 275) Among other things, the TRO provided that there existed good cause to believe that Mr. Sarcone and the Sarcone Entities listed violated the core provisions of the conduct prohibited by the July 22, 1999 Final Judgment.

     4.     On September 7, 2007, the undersigned entered an order extending the prior TRO until further order of the Court.  Additionally, the Order extended the scope of the TRO to apply to Nature's Pharmaceuticals International, LLC, another entity controlled by Mr. Sarcone that was discovered after the initial TRO was entered. (DE# 278)

     5.     On September 6, 2007, the United States arrested Mr. Sarcone. The predicate for his arrest being his LipoBan activities.  The indictment alleged that Mr. Sarcone falsely represented that Lipoban "had been clinically proven to lose weight without diet or exercise" and that such weight loss would "occur rapidly."  See Superceding Indictment (*United States v. George Forgione, Frank Sarcona a/k/a Frank Sarcone a/k/a Dave Johnson*, Case No. 07-80138-CR-Marra/Vitunac; criminal DE #246, ¶ 20).

6.      Count 62 of the indictment charged Mr. Sarcone with criminal contempt for "knowingly and willfully" disobeying and resisting "a lawful order of the United States District Court for the Southern District of Florida." Id. ¶¶ 58-59. Specifically, Mr. Sarcone was charged with criminal contempt for violating the Final Judgment "by engaging in the prohibited business practices." Mr. Sarcone was tried in the fall of 2009 and was convicted on 30 criminal counts, including a criminal contempt conviction for violating the Final Judgment.

7.      Mr. Sarcone was sentenced to twenty (20) years in prison plus three years of supervised release.[1]  The Amended[2] Judgment in a Criminal Case includes an assessment of $2,900 and restitution in the amount of $720.95. (Criminal DE# 319, 5/19/10).

## INTRODUCTION

The FTC seeks to modify the Final Judgment for Permanent Injunction and Damages against Frank Sarcone (DE# 173, 6/30/99)(hereinafter "Final Judgment") : 1) to ban Mr. Sarcone from advertising, marketing or selling any weight loss product or dietary supplement to achieve the Final Judgment's objective of protecting consumers; 2) to prohibit Mr. Sarcone from making material misrepresentations with respect to any good or service; and 3) to impose post-incarceration reporting and record-keeping requirements to facilitate monitoring Mr. Sarcone's compliance with the requested modified permanent injunction. The FTC maintains that modification of the Final Judgment is necessary to protect consumers. In his response, Mr. Sarcone opposes

---

[1] The conditions and special conditions of Mr. Sarcone's supervised release include monitoring of his finances and employment. Any self-employment requires prior written approval from the Court. (Criminal DE# 319, 5/19/10).

[2] The reason for amendment was modification of the Restitution Order.

lifting of the stay on the ground that his criminal conviction is not final while the case remains on direct appeal.

The FTC's requested modifications of the injunctive provisions of the Final Judgment are not warranted in light of Mr. Sarcone's imprisonment for twenty years plus three years of supervised release. The purpose of the Final Judgment for Permanent Injunction is achieved and the public interest is protected by Mr. Sarcone's twenty-year term of imprisonment and three additional years of supervised release. See Footnote 1, *supra*.

## ANALYSIS

Pursuant to their equitable jurisdiction and Rule 60(b) of the Federal Rules of Civil Procedure, Courts have inherent authority to modify final orders, including permanent injunctions. Fed. R. Civ. P. 60(b); United States v. Swift Co., 286 U.S. 106, 114 (1932). The Court has the power to modify an injunction when the government shows that a decree has failed to accomplish the result it was designed to achieve. United Sates v. United Shoe, 391 U.S. 244, 252 (1968); Epic Metals v. Souliere, 181 F.3d 1280, 1283 (11th Cir. 1999) (explaining that the Eleventh Circuit follows the rule of United Shoe when a plaintiff seeks modification of a decree or injunction to protect the plaintiff's interests). In Epic Metals, the Eleventh Circuit affirmed the trial court's decision to modify its original injunction after the appellate court had reversed the district court's finding of trade dress infringement and struck a paragraph in the injunction that prohibited the manufacturing or selling of steel decking. The district court properly found that the appellate court's ruling created a change in circumstance that warranted modification of the original injunction. Similarly, in Exxon Corp. v. Texas Motor Exchange of Houston, Inc., 628 F.2d 500 (5th Cir. 1980), the Fifth Circuit[3]

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Circuit 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

affirmed the modification of an injunction that barred the defendant from using the trademark "TEXXON" to include "Texon" after the defendant began using "Texon."

None of the cases cited by the FTC or found by the undersigned address the need for modification when the defendant has been and continues to serve a prison term of twenty years plus three years of supervised release.  The Final Judgment also includes reporting requirements. The FTC seeks to modify the Final Judgment as follows: 1) to ban Mr. Sarcone from any involvement in the advertising, marketing, or sale of any weight loss product or dietary supplement; 2) to prohibit Mr. Sarcone from making material misrepresentations with respect to *any good or service*; and 3) to impose post-incarceration monitoring and reporting provisions to give the FTC oversight of Mr. Sarcone's compliance with the Final Judgment after his release.

Of the cases cited by the FTC to support its request for modification of the Final Judgment, only the FTC v. Neiswonger, 494 F. Supp. 2d 1067, 1084 (E.D. Mo. 2007), involved modification of an injunction to ban marketing and selling business opportunity programs, including telemarketing, and enhanced compliance-monitoring provisions. In Neiswonger, the defendant's history of fraud and criminal conviction related to another "get rich" program persuaded the court to expect that the defendant would repeat his fraudulent activities absent modification of the injunction.

Neiswonger is factually distinguishable and not binding on this Court.  In Neiswonger, Mr. Neiswonger was sentenced to eighteen (18) months in prison in 1998. As he was preparing to enter federal prison to serve his sentence, Mr. Neiswonger joined contempt defendant Mr. Reed in constituting the first Board of Directors of contempt defendant APGI.  Unlike Mr. Neiswonger, Mr. Sarcone has been and remains incarcerated to serve a significantly longer prison term.  Mr. Sarcone's incarceration has prevented and will continue to prevent him from engaging in any commercial activities.

The FTC's reliance on its other cases to support its requested modification of the

Final Judgment to ban Mr. Sarcone from any weight loss product or dietary supplement commercial activities is misplaced.  None of these other cases cited by the FTC involve modification of a permanent injunction.  Rather, they involve requests for entry of permanent injunctions and motions for summary judgment.  See, FTC v. Gill, 265 F.3d 944, 957-58 (9th Cir. 2001) (entry of permanent injunction to ban engaging in the credit repair business); FTC v. Int'l Computer Concepts, Inc., 1995 WL 767810, at *7 (N.D. Ohio October 24, 1995) (request for permanent injunction in motion for summary judgment to ban defendants' involvement in business opportunities and franchises).

In support of its request for modification of the Final Judgment, the FTC maintains that Mr. Sarcone is the "epitome of a recalcitrant career recidivist who will return to the scams he has used in the past if given the opportunity after his release."  Motion p. 8 (DE# 337, 7/1/10).  In fashioning the permanent injunction in the Final Judgment that is the subject of the FTC's requested modification, the Court was well aware of Mr. Sarcone's propensity for further deceptive practices[4] and imposed a $5 million performance bond[5] requirement as well as other record-keeping and monitoring requirements on Mr. Sarcone as an appropriate remedy to protect consumers and prevent Mr. Sarcone from engaging in future deceptive practices.  See FTC v. Slimamerica, Inc., 77 F. Supp. 2d 1263, 1276 (S.D. Fla. 1999).

The FTC's second requested modification seeks a "fencing-in" provision to prohibit Mr. Sarcone from making material misrepresentations with respect to any good

---

[4]The Court was aware of Mr. Sarcone's deceptive practices with products other than weight loss products (e.g. the "Petromizer").  See Slimamerica, 77 F. Supp. 2d at 1271.

[5]The Final Judgment requires Mr. Sarcone to "post a performance bond in the amount of $5 million before engaging, directly or indirectly, in any business related to weight-loss products or services specifically, or in marketing of any product or services generally, anywhere in the United States."  Final Judgment for Permanent Injunction and Damages.  Slimamerica, 77. F. Supp. at 1277.

6

or service that he markets or sells.  The Eleventh Circuit has repeatedly held that "obey the law" injunctions are invalid and unenforceable.  See S.E.C. v. Smyth, 420 F.3d 1225 (11th Cir. 2005); Florida Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehabilitative Servs., 225 F.3d 1208, 1222-23 (11th Cir. 2000); Burton v. City of Belle Glade, 178 F.3d 1175, 1200 (11th Cir. 1999); see also, S.E.C. v. Sky Way Global, LLC, 710 F. Supp. 2d 1274 (M.D. Fla. 2010).  The specificity requirements of Rule 65(d) of the Federal Rules of Civil Procedure is "'no mere technicality' but requires an injunction 'framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law.'" Sky Way Global, 710 F. Supp. 2d 1274, 1280 (M.D. Fla. 2010) (quoting Smyth, 420 F.3d at 1233 n.14).  In Smyth, the Eleventh Circuit also "describe[d] the serious constitutional conflict inherent in a court's enforcing an obey-the-law injunction."  Id.  The FTC's request to modify the Final Judgment in include a provision that identifies Mr. Sarcone's obligation not to lie to consumers about any good or service that he markets or sells should be denied on the ground that it constitutes an unenforceable obey-the-law provision.

 Finally, the FTC's request to modify the Final Judgment to add post-incarceration compliance monitoring should be denied.  The subject Final Judgment imposes record-keeping and monitoring requirements as well as a substantial performance bond requirement.  Additionally, the Amended Judgment in a Criminal Case requires monitoring of Mr. Sarcone's finances and employment as conditions of his supervised release for a period of three years after his incarceration.

 Again, the FTC relies on Neiswonger, 494 F. Supp. 2d at 1084, which is not binding on this Court and is factually distinguishable.  In Neiswonger, Mr. Neiswonger had completed his eighteen month term of imprisonment for his criminal conviction by the time the court modified the permanent injunction.  Unlike Neiswonger, Mr. Sarcone has been and continues to serve his twenty-year sentence and will be subject to three

additional years of supervised release that includes monitoring of Mr. Sarcone's finances and employment. The purpose of the injunction in the Final Judgment is achieved and the public interest is protected. The undersigned finds that the FTC has failed to show that the circumstances warrant modification of the injunctive provisions of the Final Judgment for Permanent Injunction.

## **RECOMMENDATION**

For all of the foregoing reasons, the undersigned recommends that the the Plaintiff's Motion to Modify the Final Judgment for Permanent Injunction and Damages against Frank Sarcone (DE# 337) be DENIED.

The parties have ten (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Donald Graham, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988); See also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in Chambers, at the United States Courthouse, Miami, Florida this   9th   day of March, 2011.

                                                                             JOHN J. O'SULLIVAN
                                                                             UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Graham
All counsel of record

**Mailed from Chambers to:**
**Frank J. Sarcone**
**72871-004**
**FCI Coleman Low Federal Correction Institution**
**P.O. Box 1031**
**Coleman, FL 33521**