UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-CIV-06072-GRAHAM/O'SULLIVAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

SLIMAMERICA, FRANK J. SARCONE, *et al.*

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Plaintiff's *Ex Parte* Motion for Order to Show Cause Why Defendant Frank J. Sarcone and Three Business Entities Under His Control Should Not Be Held in Contempt (DE# 266, 9/5/07) (unsealed), as supplemented by the plaintiff's Supplemental Memorandum of Points and Authorities in Support of Plaintiff's Motion for Civil Contempt against Frank Sarcone (DE# 336, 7/1/10). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Donald Graham, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). (DE# 344, 2/11/11) Having reviewed the applicable filings and law, the undersigned respectfully **RECOMMENDS** that the Plaintiff's *Ex Parte* Motion for Order to Show Cause Why Defendant Frank J. Sarcone and Three Business Entities Under His Control Should Not Be Held in Contempt (DE# 266, 9/5/07) (unsealed), as supplemented by the plaintiff's Supplemental Memorandum of Points and Authorities in Support of Plaintiff's Motion for Civil Contempt against Frank Sarcone (DE# 336, 7/1/10), be GRANTED in part and DENIED in part in accordance with the following Report and Recommendation.

**PROCEDURAL BACKGROUND**

1. On June 30, 1999, this Court entered a Final Judgment for Permanent Injunction in this matter. (DE# 173) The final judgment made the July 2, 1997 preliminary injunction order (DE# 89) permanent.

2. In August, 2007, pursuant to the final judgment and the preliminary injunction order, the Federal Trade Commission ("FTC") moved *ex parte* for a Temporary Restraining Order, Preliminary Injunction, and other equitable relief, pending a decision on the FTC's motion for a civil contempt order, concerning Frank Sarcone and three other corporate entities that were in active concert or participation with Mr. Sarcone. (DE# 264, 8/21/08) The three entities are LipoBan Clinic, Inc., Nature's Pharmacy, Inc., and National Marketing Data, Inc. (collectively referred to as "Sarcone Entities").

3. The undersigned entered a Temporary Restraining Order ("TRO"). (DE# 275, 8/22/07) Among other things, the TRO provided that there existed good cause to believe that Mr. Sarcone and the Sarcone Entities listed violated the core provisions of the conduct prohibited by the June 30, 1999 Final Judgment.

4. In the Plaintiff's *Ex Parte* Motion for Order to Show Cause Why Defendant Frank J. Sarcone and Three Business Entities Under His Control Should Not Be Held in Contempt (DE# 266, 9/5/07) (unsealed), the FTC requested an order to set a show cause hearing why the defendants should not be found in civil contempt for failing to comply with the requirements of the Court's June 30, 1999 Final Judgment for Permanent Injunction and Damages (DE# 173) and requested other relief as the Court deems appropriate.

5. On September 6, 2007, the undersigned held an evidentiary hearing on the Plaintiff's *Ex Parte* Motion for Preliminary Injunction (DE# 264). (DE# 281, 9/6/07) The undersigned entered an order extending the prior TRO until further order of the Court. (DE# 278, 9/7/07). Additionally, the Order extended the scope of the TRO to apply to Nature's Pharmaceuticals International, LLC, another entity controlled by Mr. Sarcone that was discovered after the initial TRO was entered. Id.

6. Shortly after the undersigned conducted the evidentiary hearing, on September 6, 2007, the United States arrested Mr. Sarcone. The predicate for his arrest being his LipoBan activities. The indictment alleged that Mr. Sarcone falsely represented that Lipoban "had been clinically proven to lose weight without diet or exercise" and that such weight loss would "occur rapidly." See Superceding Indictment (*United States v. George Forgione, Frank Sarcona a/k/a Frank Sarcone a/k/a Dave Johnson*, Case No. 07-80138-CR-Marra/Vitunac; criminal DE #246, ¶ 20).

7. Count 62 of the indictment charged Mr. Sarcone with criminal contempt for "knowingly and willfully" disobeying and resisting "a lawful order of the United States District Court for the Southern District of Florida." Id. ¶¶ 58-59. Specifically, Mr. Sarcone was charged with criminal contempt for violating the Final Judgment "by engaging in the prohibited business practices." Mr. Sarcone was tried in the fall of 2009 and was convicted on 30 criminal counts, including a criminal contempt conviction for violating the Final Judgment.

8. This matter was stayed during the pendency of the criminal action against Mr. Sarcone stemming from his outrageous weight loss claims for the dietary supplement "LipoBan," which involve activities at issue in the civil contempt proceeding.

3

9. After the jury convicted him in the fall of 2009, in February 2010, the Court sentenced Mr. Sarcone to twenty (20) years in prison plus three years of supervised release. The Amended[1] Judgment in a Criminal Case includes an assessment of $2,900 and restitution in the amount of $720.95. (Criminal DE# 319, 5/19/10).

10. The FTC filed its Supplemental Memorandum of Points and Authorities in Support of Plaintiff's Motion for Civil Contempt against Frank Sarcone. (DE# 336, 7/1/10) Mr. Sarcone filed a response captioned "Response to Motion to Lift Stay" (DE# 340, 7/30/10) and argues that the matter should remain stayed while his criminal conviction is on appeal. The FTC filed a reply. (DE# 341, 8/6/10) The matter is ripe for disposition.

## INTRODUCTION

The FTC renews and supplements its civil contempt motion against Mr. Sarcone based on Mr. Sarcone's conviction for criminal contempt. The FTC asserts that the criminal conviction collaterally estops Mr. Sarcone from contesting his civil contempt liability in this action. In its supplemental memorandum, the FTC asks this Court to find Mr. Sarcone liable for civil contempt and to enter a contempt judgment in the amount of $10,140,000 to account for the consumer injury that he caused. FTC's Supplemental Memorandum (DE# 336, 7/1/10). To support the amount of damages claimed, the FTC relies on the proffer the government made at Mr. Sarcone's sentencing hearing in the criminal case.[2] Mr. Sarcone argues that the matter should remain stayed while his

---

[1] The reason for amendment was modification of the Restitution Order. *United States v. George Forgione, Frank Sarcona a/k/a Frank Sarcone a/k/a Dave Johnson*, Case No. 07-80138-CR-Marra/Vitunac; criminal DE #246, ¶ 20.

[2] *United States v. George Forgione, Frank Sarcona a/k/a Frank Sarcone a/k/a Dave Johnson*, Case No. 07-80138-CR-Marra/Vitunac; criminal DE #246, ¶ 20.

criminal conviction is on appeal. The FTC maintains that an appeal of a criminal conviction does not affect application of collateral estoppel.

The undersigned finds that the issues raised in the civil contempt motion are identical to the issues litigated and determined by the conviction for criminal contempt.[3] Additionally, the FTC has failed to prove that it is entitled to a civil contempt judgment in the amount of $10,140,000. In the Amended Judgment in a Criminal Case, the Court ordered restitution in the amount of $720.95. (criminal DE #246, ¶ 20)

## ANALYSIS

I.    Collateral Estoppel

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980); Herring v. SEC, 673 F.2d 1191, 1193 (11th Cir. 1982). Collateral estoppel precludes a party from litigating an issue if: "(1) the identical issue has been (2) actually litigated in a prior suit which (3) could not have been decided without resolving the issue." In the Matter of Raiford, 695 F.2d 521 (11th Cir. 1983) (citations omitted).

"[A]n issue resolved in favor of the United States in a criminal prosecution may not be contested by the same defendants in a civil suit brought by the Government." Tomlinson v. Lefkowitz, 334 F.2d 262 (5th Cir. 1964)(citations omitted). "It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding." Emich Motors Corp. v. General Motors Corp., 340 U.S 558, 568-69 (1951)(citations omitted). In Emich Motors, the Supreme

---

[3] In footnote 2 of the FTC's supplemental memorandum, the FTC acknowledges that the criminal proceeding addressed only LipoBan and did not address Nature's Fat-Fighting Secret ("NFFS"), which was included in the FTC's civil contempt charges. The FTC offers, without waiving its NFFS claims, to not proceed against Mr. Sarcone for his NFFS activities at this time.

Court determined that the plaintiffs were "entitled to introduce the prior judgment to establish prima facie all matters of fact and law necessarily decided by the conviction and the verdict on which it was based." Id. at 569.  The conclusive effect of a prior judgment is not suspended by the pendency of an appeal.  See Pincus v. Law Offices of Erskine & Fleisher, 617 F. Supp. 2d 1265, 1269 (S.D. Fla. 2009) (citing Reed v. Allen, 286 U.S. 191 (1932)); Jaffree v. Wallace, 837 F.2d 1461, 1467 (11th Cir. 1988) (other citations omitted).

II.     Civil Contempt

A district court's power to find a party in civil contempt for disobeying court orders stems from its inherent power to enforce compliance with its lawful orders. Citronelle-Mobile Gaterhin, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). "A finding of civil contempt – willful disregard of the authority of the court – must be supported by clear and convincing evidence." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002). Civil contempt is appropriate upon a finding that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." Riccard, 307 F.3d at 1296. "Once it has been shown that a violation of the order has occurred, the burden shifts to the contemnor to demonstrate an impossibility of compliance." In re Lawrence, 279 F.3d 1294, 1299 (11th Cir. 2002). The Eleventh Circuit has made clear that "[d]istrict courts have broad discretion in fashioning civil contempt sanctions." Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1519 (11th Cir. 1990). Generally, sanctions for civil contempt serve one of the following purposes: (1) to coerce the contemnor into compliance with the Court's order; or (2) to compensate the complainant for losses sustained as a result of the contumacious behavior. United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947).

Damages for civil contempt requires "'proof of both the fact of injury to the

6

aggrieved party and the amount of damages the aggrieved party has suffered.'" McGregor v. Chierico, 206 F.3d 1378, 1386-87 (11th Cir. 2000) (quoting Graves v. Kemsco Group, Inc., 864 F.2d 754, 756 (Fed. Cir. 1988). Contempt damages for consumer injury are calculated by determining the gross sales. Id. at 1389-90 (affirming the district court's assessment of damages in the amount of gross sales, that is, $7.2 million). In the Eleventh Circuit, the standard of proof of damages in a civil contempt action is preponderance of the evidence. Id. at 1387. The Eleventh Circuit agreed with the Fourth Circuit's analysis that "'[s]ince [the court] has already found by clear and convincing evidence that harm has occurred, the damages issue should be treated no differently than any other run-of-the-mill civil action.'" Id. (quoting In re General Motors Corp., 110 F.3d 1003, 1018 (4th Cir. 1997)).

An evidentiary hearing is not required if there are no disputed factual matters. See National Union Fire Ins. Co. v. Olympia Holding Corp., 140 Fed. Appx. 860, 864 (11th Cir. 2005) (holding that court did not abuse its discretion by failing to conduct an evidentiary hearing and finding the defendants in civil contempt).

III.     Frank J. Sarcone Is Estopped from Contesting Liability for Civil Contempt

Frank J. Sarcone was convicted of criminal contempt in the criminal action arising out the same contumacious conduct that is the basis of the FTC's motion for civil contempt. Both civil and criminal contempt require proof that: (1) a valid and lawful order (2) that clearly defines the prohibited conduct; (3) was violated by the defendant; (4) without a valid defense. Compare United States v. Straub, 508 F.3d 1010 (11th Cir. 2007) with Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002) (citing McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000) (FTC action).

The jury instructions and verdict establish that each of these four issues was litigated and decided. In determining the collateral estoppel effect of a jury finding, jury instructions define what the jury considered and it is presumed that the jury followed the

court's instructions.  United States v. Brown, 983 F.2d 201, 203 (11th Cir. 1993).

In the criminal action, the Court instructed the jury that is was the government's obligation to prove beyond a reasonable doubt that the Court entered a lawful order of reasonable specificity, that the order was violated by the defendant, and that the violation was knowing and willful.  (07cr80138 DE# 244 at 28).  The Court further instructed the jury that "knowing" meant the act was done "voluntarily and intentionally and not because of mistake or accident" and that willful meant that "the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law."  Id. at 32.  The jury was also instructed that "good faith" is a complete defense to the criminal charges because good faith is inconsistent with willfulness.  Id.  After deliberations, the jury convicted Mr. Sarcone of criminal contempt for violating the Final Judgment.  (07cr80138 DE# 248, Verdict at 7).  The standard of proof to prove civil contempt is clear and convincing evidence, which is lower than the beyond a reasonable doubt standard of proof for criminal contempt.

Mr. Sarcone is collaterally estopped from contesting his liability for civil contempt for conduct involving LipoBan based on his conviction of criminal contempt for the same conduct.  The criminal proceeding did not involve any other product and thus, the collateral estoppel effect is limited to the activities involving LipoBan only.[4]  The

---

[4] In footnote 2 of the FTC's supplemental memorandum, the FTC acknowledges that the criminal proceeding addressed only LipoBan and did not address Nature's Fat-Fighting Secret ("NFFS"), which was included in the FTC's civil contempt charges.  The FTC offers, without waiving its NFFS claims, to not proceed against Mr. Sarcone for his NFFS activities at this time.

undersigned recommends that the Court find that Mr. Sarcone is estopped from contesting liability for civil contempt based on his LipoBan activities and find Mr. Sarcone in contempt of this Court's June 30, 1999 Final Judgment for Permanent Injunction and Damages (DE# 173).

IV.     Damages for Consumer Injury

"In civil contempt proceedings, a party guilty of civil contempt may be required to compensate those injured by its contempt. McGregor v. Chierico, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000) (citing United States v. City of Miami, 195 F.3d 1292, 1298 (11th Cir. 1999)). "District courts are afforded wide discretion in fashioning an equitable remedy for civil contempt." Id. n.5.  The purpose of sanctions for civil contempt can be to either: 1) coerce the contemnor to comply with a court order; or 2) compensate an injured party for losses due to the contemnor's conduct.  Id. n.5 (citations omitted).

In the present action, the FTC seeks compensation for consumer injury.  The FTC relies on the government's proffered evidence during the sentencing hearing of Mr. Sarcone for his criminal conviction.  At the sentencing hearing, the Court did not expressly find that the damages were $10.14 million.  Rather, the Court found that the damages exceeded $7 million, which was the threshold for the sentence imposed. Transcript of Sentencing Hearing p. 41 (DE# 336-4 at 32, 7/1/10) (overruling the objection as to the calculation of damages being based on gross sales minus returns and finding the amount of loss "in excess of $7 million").  After the sentencing hearing, the Court continued the matter for the purpose of resolving issues related to restitution. The Government's Report as to the Imposition of Restitution and Incorporated Memorandum of Law (07cr80138 DE# 295, 5/7/10) advised the Court that the

9

government had received only four claims totaling $1,296 in restitution from victims. The government explained that "it appears that the identification of other victims is otherwise impracticable and the determination of restitution would so complicate and prolong the process that the need to provide restitution to any single victim is outweighed by the burden upon the sentencing process." Id.  At the restitution hearing in the criminal proceeding, the Court ordered restitution in the total amount of $720.95 for five consumers. See Criminal Minutes of Restitution Hearing (07cr80138 DE# 316, 5/14/10).

    A compensatory award will not achieve any of the purposes of a sanction for civil contempt.  Mr. Sarcone's incarceration for a twenty-year term of imprisonment, which will be followed by three years of supervised release, should prevent future violations of the Final Judgment for Permanent Injunction.  Thus, there is no need for coercion to make Mr. Sarcone comply.  This Court has previously entered a monetary judgment against Mr. Sarcone, jointly and severally, in the amount of approximately $8.4 million for consumer redress and costs in the underlying action, which has not been paid.  An additional monetary judgment will not make the victims whole and will not serve the purpose of a civil contempt sanction.  Thus, the undersigned recommends that the Court exercise its discretion and deny the FTC's request to enter a compensatory sanction for civil contempt against Mr. Sarcone. Equal Employment Opportunity Commission v. Guardian Pools, Inc., 828 F.2d 1507, 1515 (11th Cir. 1987)("The district court has wide discretion to fashion an equitably remedy for contempt that is appropriate to the circumstances.")

Case 0:97-cv-06072-DLG   Document 346   Entered on FLSD Docket 03/09/2011   Page 11 of 11

**RECOMMENDATION**

For all of the foregoing reasons, the undersigned recommends that the Plaintiff's *Ex Parte* Motion for Order to Show Cause Why Defendant Frank J. Sarcone and Three Business Entities Under His Control Should Not Be Held in Contempt (DE# 266, 9/5/07) (unsealed), as supplemented by the plaintiff's Supplemental Memorandum of Points and Authorities in Support of Plaintiff's Motion for Civil Contempt against Frank Sarcone (DE# 336, 7/1/10), be GRANTED in part and DENIED in part.  It is recommended that Frank Sarcone be found in contempt for violating this Court's June 30, 1999 Final Judgment for Permanent Injunction and Damages and no compensatory damages be imposed.

The parties have ten (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Donald Graham, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988); See also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in Chambers, at the United States Courthouse, Miami, Florida this __9th__ day of March, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Graham
All counsel of record

Mailed from Chambers to:
Frank J. Sarcone
72871-004
FCI Coleman Low Federal Correction Institution
P.O. Box 1031
Coleman, FL 33521

11